IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Danita Henry, Terrence Flowers, Alonzo Patterson, and Andre Jones, on behalf of themselves and a class | ) ) ) |
| | ) Case No. 11-cv-4424 |
| Plaintiffs, | ) ) Judge Sharon Johnson Coleman |
| | ) |
| v. | ) ) |
| Teletrack, Inc. | ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

Plaintiffs Danita Henry, Terrance Flowers, Alonzo Patterson and Andre Jones bring forth this class action to secure redress from unlawful practices of defendant, Teletrack, Inc. ("Teletrack") in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Plaintiffs contend that Teletrack furnished consumer reports containing their personal information to third parties who did not have a permissible purpose to obtain them. Teletrack has filed a motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for failure to allege any basis for Article III standing. For the following reasons, defendant's motion is denied.

**BACKGROUND**

Teletrack is a consumer reporting agency as that term is defined by the FCRA, which sells consumer reports and other services to businesses, not limited to, but including pay-day lenders, high interest lenders, rental purchase stores and no-prime auto lenders, that primarily serve non-traditional credit consumers. Teletrack's clients use the

1

consumer reports to make decisions about whether and on what terms to provide credit to consumers. When requesting an individual's consumer report, Teletrack's clients provide them with personal information about the consumer including: the consumer's name, home address, social security number, phone number and date of birth. In addition to providing its clients with consumer reports, plaintiffs allege that Teletrack adds consumers' personal information into a database and denotes whether the consumer has previously undergone a credit inquiry. Teletrack then compiles lists of the names and addresses of the individuals on the database that have received a credit inquiry and sells this list to certain third parties. These third parties use the personal information obtained from these lists to solicit new customers. This conduct is prohibited under the FCRA.

In June 2011, Teletrack was sued by the Federal Trade Commission (the "FTC") for engaging in illegal practices in violation of §1681b of the FCRA. *United States v. Teletrack, Inc.*, Civ. A. No. 1:11-cv-2060 (N.D.Ga., filed June 24, 2011). In that action, the FTC alleged that "[s]ince 2007, in multiple instances, Teletrack has furnished consumer reports to third parties for the purpose of marketing, which is not a permissible purpose under the FCRA" and that this conduct exhibited reckless indifference to legal obligations. (Am. Compl. ¶ 27). That action was settled with a consent decree in which Teletrack agreed to pay a $1.8 million in civil penalties and to furnish consumer reports only to "those persons which it has reason to believe have a permissible purpose, or as other wise permitted by the Fair Credit Reporting Act." (Pls.' Resp. to Def.'s Mot. to Dismiss, Ex. A).

Plaintiffs contend that in past years they were customers of Teletrack and that they each have obtained payday or high-interest loans. Therefore, their personal

information was included in Teletrack's marketing lists. Plaintiffs also contend that they have received solicitations from other high interest or pay day lenders as well as calls demanding payments for loans that plaintiffs did not obtain. Plaintiffs assert that these solicitations are a result of Teletrack's unlawful disclosure of their personal information. Accordingly, plaintiffs have brought forth this claim alleging that Teletrack has willfully violated the FCRA by disclosing their consumer reports to impermissible third parties and bring forth this claim. Defendants have moved to dismiss plaintiffs' claim in its entirety.

## DISCUSSION

The FCRA places a number of restrictions on "consumer reporting agencies," which is defined as any individual or any other entity that regularly assembles or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties. 15 U.S.C. §1681, *et seq*. One of the Act's many requirements is that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter." *Id*., at §1681(b).

To ensure compliance with its mandates, the FCRA contains several enforcement mechanisms, one of which allows private individuals to obtain relief against either willful or negligent violators of the Act. The statute describes the willfulness private right of action as:

3

Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of–

(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, which ever is greater; [. . .].

*Id.*, at §1681n(a).

Plaintiffs claim that Teletrack willfully violated this section of the FCRA by selling their personal information to third parties for marketing purposes. Teletrack argues that plaintiffs do not have standing to bring forth this claim. To establish standing, a plaintiff must show (1) injury in fact, meaning an invasion of legally protected interest that is concrete and particularized, actual or imminent, and not conjectural or hypothetical; (2) a casual connection between the injury and the conduct complained of such that the injury is fairly traceable to the defendants' actions and (3) that a favorable decision is likely to redress the injury. *Scanlan v. Eisenberg,* No. 11-1657, 2012 WL 169765, *1, *3 (7th Cir. Jan. 20, 2012) (citing *Lee v. City of Chicago*, 330 F. 3d 456, 468 (7th Cir. 2003). Teletrack argues that plaintiffs have failed to allege each of these three elements. We will address each element in turn.

    **1.**    **Injury In fact**

Underlying every standing inquiry is whether a case or controversy exits, or in other words whether an injury was caused by the challenged conduct. *Reich v. City of Freeport*, 527 F.2d 666, 669 (7th Cir. 1975). The Supreme Court has established that Congress has the authority to create certain causes of action. *Massachusetts v. EPA*, 549 U.S. 497, 516, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007). Further, Congress "has the power to create new legal rights, and it generally has the authority to create a right of action whose only injury-in-fact involves the violation of that statutory right." *In re Carter*, 553 F.3d 979, 988 (6th Cir. 2009). Accordingly, Congress has created a statutory legal right under the FCRA that protects consumers from impermissible disclosure of their credit reports to certain third parties. 15 U.S.C. § 1681(b). Nevertheless, when a plaintiff brings forth a claim under section 1681(b), plaintiff must establish Article III standing. *Summers v. Earth Island Inst.*, 555 U.S. 488, 497, 129 S.Ct. 1142, 1151 (2009). Additionally, the plaintiff must assert that the alleged FCRA violation has caused individual, as opposed to collective, harm and the plaintiff must also be among the individuals that has been injured. *See Carter*, 553 F.3d at 988. *Sierra Club v. Morton*, 405 U.S. 727, 734-35, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

Here, plaintiffs have brought forth a claim alleging statutory damages under FCRA § 1681n(a). By alleging that *their own* personal information was included on Teletrack's marketing list and sold by Teletrack for impermissible purposes, plaintiffs have alleged that Teletrack acted unlawfully "with respect to them" as the statute requires. 15 U.S.C. §§ 1681e(b), 1681n(a). Further, the FCRA statute does not authorize suits by the public at large, but instead, creates an individual right not to have unlawful practices occur with respect to one's own consumer reports. *Id.*, at § 1681n. Therefore,

there is a connection between the individual plaintiffs and the violation alleged such that, the plaintiffs have adequately alleged an individual injury in fact under the FCRA.

The Court notes that Teletrack argues that the FCRA requires plaintiffs to allege that they suffered actual harm as a result of the alleged conduct to establish an injury in fact. The FCRA, however, does not require plaintiffs to allege actual harm in order to state a claim under the willful violation portion of the statute. Specifically, the statute states that "any consumer" may sue to recover "any actual damages . . . or damages of not less than $100 and not more than $1000" from "any person who willfully fails to comply with any requirement imposed under the FCRA with respect to that consumer." 15 U.S.C. § 1681n(a)(1)(A). Therefore, in order to bring forth a willfulness claim, a consumer can allege *either* actual damages or statutory damages, but are not required to allege both. *See Beaudry v. Telecheck Services, Inc.*, 579 F.3d 702, 705-706 (6th Cir. 2009).

Moreover, the Seventh Circuit has relied upon this interpretation of the statute. In *Murray v. GMAC Mortg. Corp.*, a consumer brought a purported class action against a potential creditor that had accessed her credit history without her consent. 434 F.3d 948 (7th Cir. 2006). After receiving an unsolicited loan offer from the creditor, plaintiff, on behalf of herself and others, asserted that the loan offer violated the FCRA. *Id*., at 951. The district court denied plaintiffs' motion for class certification. *Id*. The Seventh Circuit vacated the district court's decision, however, explaining that the fact that the consumer sought statutory but not compensatory damages did not warrant denial of class certification. *Id.*, at 952. Specifically, the Court stated that the FCRA allows plaintiffs to allege modest damages "without proof of injury" instead of actual damages. *Id*. *See also*

6

*Murray v. New Cingular Wireless Sevrs., Inc*., 523 F.3d 719, 725 (7th Cir. 2008) (recognizing that statutory damages are available for willful violations of the FCRA).

### 2. Casual Connection

Defendants also argue that plaintiffs have failed to establish a causal connection between the injury and the conduct alleged as is required for Article III standing. In their First Amended Complaint, plaintiffs allege that Teletrack has furnished consumer reports to persons who did not have a permissible purpose to obtain them. Further, plaintiffs argue that their credit report information has been sold by Teletrack to third parties. Consequently, plaintiffs have received phone calls, text messages and other solicitations from payday lenders who would normally not have access to their phone numbers. In response, defendants state that these allegations "do not support a reasonable inference that plaintiffs' contact with third parties was attributable to any disclosures by Teletrack." (Defs.' Reply Br. at 3, n 3).

Assuming as we must at this stage that plaintiffs' allegations are true, the plaintiffs constitute a class of people who were customers of Teletrack and who were likely to be included in Teletrack's marketing lists. Further, plaintiffs have received unsolicited phone calls from third parties presumed to be customers of Teletrack. A reasonable inference can be made that these unsolicited phone calls were the result of Teletrack furnishing plaintiffs' personal information to third parties, in violation of the FCRA. To establish standing at this stage, a plaintiff need only show that the injury is "fairly traceable" to the conduct alleged. *Lee v. City of Chicago*, 330 F. 3d 456, 468 (7th Cir. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Plaintiffs have done so here.

7

### 3. Ability to redress the injury

Lastly, Teletrack argues that in addition to failing to allege an injury in fact, plaintiffs also failed to allege that a decision in their favor is likely to redress their injury. A ruling in the plaintiffs favor would prohibit Teletrack from disclosing the plaintiffs' personal information in a manner barred by the FCRA. In other words, if the plaintiffs' prevail, Teletrack can no longer furnish plaintiffs' consumer reports to third parties for marketing purposes. Therefore plaintiffs have alleged an injury-in-fact that would be redressed by a decision in their favor. *See Graczyk v. West Publishing Co.*, No. 10-1193, 2011 WL 4469953, at *2 (7th Cir. Sept. 28, 2011) (holding that a decision rendered in the plaintiff's favor in a suit alleging violation of a similar disclosure prohibition under the Driver's Privacy Protection Act would prevent the defendant from publishing and reselling plaintiff's personal information and this would redress her injury). Therefore, plaintiffs' have sufficiently met the third requirement to establish Article III standing.

### CONCLUSION

Plaintiffs have sufficiently met all three elements to establish standing under Article III and therefore, have the statutory right to move beyond the motion to dismiss stage of this case. Accordingly, this Court denies the motion to dismiss by Defendant, Teletrack, Inc.

IT IS SO ORDERED.
March 7, 2012

Dated

Hon. Sharon Johnson Coleman
United States District Court